# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | |
|---|---|
| RAINBOW MOUNTAIN, INC., a Delaware corporation, | ) ) ) |
| Plaintiff/Counterclaim Defendant, | ) ) ) |
| v. | ) ) ) C.A. No. 2018-0403-TMR |
| TERRY BEGEMAN, | ) ) |
| Defendant/Counterclaim Plaintiff and Third Party Plaintiff, | ) ) ) |
| v. | ) ) |
| JEFFREY BEGEMAN, SUSAN BEGEMAN, MYSTIE BEGEMAN, LAURIE LARIMAR, JASON BEGEMAN, MELANIE KETCHUM, TODD BEGEMAN, BONNIE BEGEMAN, JUSTIN BEGEMAN, COREY BEGEMAN, EMILY MCGEE, CINDY DALLWIG, ROGER DALLWIG, JENNIFER RAY, JEREMY NICHILO, CARLY NICHILO, JOSHUA NICHILO, and MARK BEGEMAN, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Third-Party Defendants. | ) |

**ORDER DENYING IN PART AND GRANTING IN PART
MOTION FOR DEFAULT JUDGMENT**

WHEREAS, on June 4, 2018, Plaintiff Rainbow Mountain, Inc. ("RMI") filed a Complaint for Declaratory Relief (the "Complaint");

WHEREAS, on November 9, 2018, Defendant Terry Begeman ("Terry")[1] filed Defendant's Verified Answer and Consolidated Affirmative Defense (the "Answer") and Defendant's Verified Counterclaim for Declaratory Judgment (the "Counterclaim") against RMI and eighteen family members as Third-Party Defendants;

WHEREAS, on January 25, 2019, RMI filed its Answer to the Counterclaim;

WHEREAS, on January 30, 2019, Terry filed Defendant Terry Begeman's Reply to Plaintiff Counsel's Motion to Withdraw and to Plaintiff's Motion to Stay, a portion of which appears to request default judgment against RMI and sixteen of the eighteen Third-Party Defendants (the "Motion for Default Judgment");

WHEREAS, from February 7, 2019, to August 6, 2019, five of the Third-Party Defendants Jeffrey, Susan, Mystie, Jason, and Laurie (together the "Answering Third-Party Defendants") filed answers to the Counterclaim;

WHEREAS, on February 13, 2019, Terry filed Defendant Terry Begeman's Motion to Correct the Court of Chancery Record and Motion for an Additional

---

[1]  This order refers to the relevant individuals by first name because many of them share the same last names.  I intend no familiarity or disrespect.

Default Judgment, a portion of which requests a default judgment against the seventeenth out of eighteen Third-Party Defendants (the "Motion to Correct");

WHEREAS, on August 30, 2019, RMI opposed the Motion for Default Judgment;

WHEREAS, on September 16, 2019, Terry filed Defendant Terry Begeman's Consolidated Reply Brief to Plaintiff Rainbow Mountain's Aug. 30, 2019 Opposition (the "Reply"), a portion of which seeks default judgment against RMI and all eighteen[2] Third-Party Defendants;

WHEREAS, on October 15, 2019, the Court heard argument on the motions;

NOW, THEREFORE, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1.    Terry's motion for default judgment against RMI is DENIED; Terry's motion for default judgment against the Answering Third-Party Defendants is DENIED; and Terry's motion for default judgment against Melanie, Todd, Bonnie, Justin, Corey, Emily, Cindy, Roger, Jennifer, Jeremy, Carly, Joshua, and Mark (together the "Non-Answering Third-Party Defendants") is GRANTED.

---

[2]    Terry originally moved for a mental examination of Mystie to determine if a guardian is appropriate. It seems Terry has abandoned this motion because in his Reply he "moves the Court to enter a default judgment against all *pro se* Answering Third-Party Defendants."

2. This action represents the latest battle in a family feud between six siblings who are members of RMI, a Delaware nonstock corporation. Plaintiff RMI seeks a declaratory judgment that the board of directors terminated *pro se* Defendant Terry's membership in RMI. Terry countersued RMI and eighteen immediate and extended family members. He seeks a declaratory judgment determining RMI's board of directors (the "Board") and the membership status of multiple relatives. RMI filed its Answer on January 25, 2019. From February 7, 2019, to August 6, 2019, the Answering Third-Party Defendants filed answers. The Non-Answering Third-Party Defendants neither filed any answers, nor filed any responses to the Motion for Default Judgment.

3. In multiple filings, Terry moves for default judgment against RMI and the Third-Party Defendants for failure to file timely answers to his Counterclaim. Terry argues that under Court of Chancery Rule 12(a), RMI and the Third-Party Defendants had twenty days after receipt of service to file their answers.

4. Court of Chancery Rule 55(b) provides,

> When a party against whom a judgment for affirmative relief is sought, has failed to appear, plead or otherwise defend as provided by these Rules, and that fact is made to appear, judgment by default may be entered as follows: The party entitled to a judgment by default shall apply to the Court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a guardian, trustee or other representative. If the party against whom judgment by default is sought has appeared in the action, the party (or,

4

if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If such party has not appeared written notice shall be served if the Court so directs. If, in order to enable the Court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the Court may conduct such hearings or order such references as it deems necessary and proper.

5. The Court has discretion when deciding whether to enter a Default Judgment. *In re 53.1 Acres of Land in Mispillion Hundred*, 2002 WL 31820972, at *2 (Del. Ch. Nov. 27, 2002). The Court may "give great weight to the policy of deciding claims based on their merits. This Court employs the ultimate sanction of default judgment only under extraordinary circumstances." *Dority v. vanSweden*, 1995 WL 1791080, at *1 (Del. Ch. Jan. 17, 1995). Further, "Delaware Courts generally deny motions for default judgment if a party cures its error after receiving notice of a motion for default judgment." *Id.*

6. On November 5, 2018, RMI received service of process. Therefore, RMI had until November 26, 2018, to reply to the Counterclaim under Rule 12(a). RMI filed its Answer on January 25, 2019, and on August 30, 2019, RMI opposed the Motion for Default Judgment. Although untimely, RMI filed its Answer before Terry filed his Motion for Default Judgment. Moreover, RMI has opposed the Motion for Default Judgment, and RMI appeared with new counsel for the hearing

5

on these motions. While this Court strongly encourages compliance with its Rules, public policy favors proceeding to the merits. "The policy of deciding cases on the merits outweighs any harm to [Terry] caused by [RMI's delay]." *Id.* Under my permitted discretion, I DENY the Motion for Default Judgment.

7.     On January 1, 2019, Jeffrey, Susan, Mystie, and Laurie received service of process. Thus, Jeffrey, Susan, Mystie and Laurie had until January 22, 2019 to reply to the Counterclaim under Rule 12(a). On February 7, 2019, Susan filed her Answer; on February 27, 2019, Jeffrey filed his Answer; on March 20, 2019, Mystie filed her Answer; and on August 6, 2019 Laurie filed her Answer. Terry tried on at least two occasions to serve Jason. Despite never signing for service of process, Jason filed an answer on February 20, 2019. Terry contends that Jason, "too must have received a copy of service of process from his Third Party Parents upon Jan 02, 2019, or thereabouts, whereby also extending himself beyond the Jan 22, 2019, or thereabouts, thus beyond the 20 days in Ch. Ct. [*sic*] R. 12(a) . . . ." Mot. to Correct 7.

8.     As with RMI, public policy favors resolving disputes on the merits. Further, Terry was not harmed by the delay. Thus, I DENY the Motion for Default Judgment against the Answering Third-Party Defendants.

9.     By January 30, 2018, at the latest, the Non-Answering Third-Party Defendants received service of process. The Non-Answering Third-Party Defendants did not respond to Terry's Counterclaim or Motion for Default

6

Judgment, and the Non-Answering Third-Party Defendants did not appear and object at the October 15, 2019 hearing on the motion. Under my permitted discretion, the Motion for Default Judgment against the Non-Answering Third-Party Defendants is GRANTED. As discussed at the hearing, the granting of this motion will have no binding or preclusive effect on the litigation between RMI, Terry, and the Answering Third-Party Defendants.

*/s/ Tamika Montgomery-Reeves*
Vice Chancellor
Dated: December 5, 2019